BUZA, Plaintiff-Appellant, v. KELLEY ISLAND COMPANY, a Corporation in Dissolution, Defendant-Appellee.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23836. Decided November 21, 1956.

J. R. Kistner, for plaintiff-appellant.

Jones, Day, Cockley & Reavis, George H. Rudolph, of Counsel, for defendant-appellee.

## OPINION

By KOVACHY, PJ.

This appeal is on questions of law from a judgment in the Common Pleas Court of Cuyahoga County.

The plaintiff-appellant filed a "Petition for Determination of Fair Cash Value of Shares and for Judgment and Equitable Relief." He alleged, inter alia, that he was the owner of record of 655 shares of the Kelley Island Company, the defendant herein; that a few days after July 21, 1955, he received a printed instruction entitled "Notice of Special Meeting of Shareholders August 1, 1955" which had been sent to all shareholders of Kelley Island Company together with a plan in writing for dissolving said company and distributing its assets; that he attended the special meeting and voted his shares of stock against all proposals made by the corporation; that subsequently, in accordance with §1701.85 R. C., he demanded in writing the payment to him of the fair cash value of his shares; that the defendant corporation rejected his offer and made a counter proposal in accordance with said section; that he had complied with all necessary conditions of said section; and prayed that the Court determine the fair cash value of his stock as provided in said section.

In the caption the defendant was designated "Kelley Island Company, 1132 Leader Building, Cleveland, Ohio (a Corporation in Dissolution)" and the praecipe to the clerk in part read: "Issue summons to the Sheriff of Cuyahoga County addressed to the above entitled defendant, Kelley Island Company, 1132 Leader Building, Cleveland 14, Ohio." The return of the Sheriff read as follows: "On the 20th day of October, 1955, I served this writ on the within named. Kelley Island Company, by handing to Evan J. Evans, Secretary, a true and certified copy thereof with all the endorsements thereon. The President or other chief officers of said company not found in my county."

Subsequent to such service of summons, the defendant-appellee filed a "Motion to Quash Service of Summons and Dismiss Proceedings." This motion was granted by the trial court which thereupon dismissed the petition and entered judgment for the defendant.

The evidence was presented to the trial court by affidavits.

The essential facts are not in dispute. On July 14, 1954, The Kelley Line and Transport Company was merged into the Greenlands Corporation and the name Kelley Island Company was adopted. An agreement of merger was filed in the office of the Secretary of State. It provided that the principal office of the Company was on Kelleys Island, Erie County, Ohio, and that its statutory agent was Roy M. Fenwick, P. O. Box 11, Kelleys Island. On July 21, 1955, Kelley Island Company

sold its plants, business, contracts and license to Basic Refractories, Incorporated, and on August 1, 1955, by document entitled "Consent to Use of Name," transferred its consent to said Basic Refractories, Incorporated, to the use of the name "Kelley Island Company." However, when the certificate of dissolution of the Kelley Island Company was filed with the Secretary of State on October 6, 1955, Basic Refractories, Incorporated, made arrangements that no application for reservation of the name "Kelley Island Company," as specified in the "Consent to Use of Name," accompany it. Instead, on the same day, a subsidiary corporation of Basic Refractories, Incorporated, namely, the BCD Co., organized December 9, 1954, filed an amendment to its Articles of Incorporation with the Secretary of State, changing its name to "Kelley Island Company." The principal office of this latter corporation is and has always been Cleveland, Cuyahoga County, Ohio. All documents filed with the Secretary of State of the original Kelley Island Company recited that the principal office of the corporation is located at Kelleys Island, Erie County, Ohio, and the affidavit of the Secretary of said company, filed in the case, stated that the principal office of said original Kelley Island Company was located on Kelleys Island, Erie County, Ohio, on October 18, 1955 when this lawsuit was instituted.

\* \* \* \* \*

Plaintiff contends that the trial court erred in ruling that his action for the determination of the fair cash value of his shares as a dissenting shareholder of defendant corporation in dissolution could only be brought in the county in which the principal office of such corporation is located.

The defendant, on the other hand, maintains that the trial court acted in accordance with law in holding that plaintiff was required to file his proceeding in the common pleas court of the county where the principal office of the corporation is located, to wit: Kelleys Island, Erie County, Ohio.

Hence, the sole question presented to this Court is whether the action commenced by the plaintiff dissenting shareholder in the Common Pleas Court of Cuyahoga County against the Kelley Island Company was properly brought in said county.

The part of §1701.85 R. C., pertinent to our consideration, under paragraph (B), reads:

"(B) The fair cash value of the shares involved in the demand by the shareholder shall be deemed to be the amount demanded by him if he has complied with the provisions of this section, or, if the corporation as aforesaid shall have made a counter-offer of a different amount per share, then the amount per share specified in such counter-offer, unless either (1) the corporation and the shareholder at any time within three months from the time said vote was taken shall agree upon a different amount or (2) **the shareholder or the corporation, within said three months period (but not thereafter), shall file a petition in the court of common pleas of the county in which the principal office of the corporation is located** to determine the fair cash value per share." (Emphasis ours.)

The Supreme Court of Ohio in **Pelton v. Transportation Co., 37 Oh St 450,** said at **page 455:**

"* * * In this state, where corporations are required to designate in their certificates of incorporation the place of the principal office, such office is the domicil or residence of the corporation. The principal office of a corporation, which constitutes its residence or domicil, is not to be determined by the amount of business transacted here or there, but by the place designated in the certificate. True, several offices may be established at the place specified in the certificate, as it is sufficient, under this statute, to specify the 'county or place.' But where a single office is established in the county, or township, or city, or other place designated, no further inquiry as to the identity of the principal office is admissible. * * *"

This rule has consistently been adhered to in subsequent cases. See **State, ex rel. Stanton v. Zangerle, 117 Oh St 436; Sweeney v. The Keystone Driller Co., 122 Oh St 16.**

A statement in **10 O. Jur. 981, Section 741,** shows how far-reaching the application of the law is with respect to actions against Ohio corporations:

"Ohio Corporations must be sued in the county which the corporation has designated in its articles of incorporation, as the place where its principal office or place of business is to be located, although as a matter of fact no principal office is maintained in that county. And since the legal situs of a corporation can be changed legally only by a vote of the stockholders, an action against the corporation is rightfully brought in the county designated in the original articles of incorporation as the place where the corporation would maintain its principal office and place of business, notwithstanding a subsequent attempt by the directors to change, by resolution, the principal place of business to another county, followed by the actual residence of the corporation in the latter county. Nor can a domestic corporation, against which an action is brought in such county, sustain a motion to quash service on the ground that the venue is improperly laid, although, the village in the county named in the articles of incorporation as its principal office may have been so inserted for postal convenience, and the business of the corporation may be actually carried on in another county, for the statement of the certificate of incorporation as to the location of the principal office is conclusive upon the corporation."

The language of the statute involved in this matter is unmistakable when it says: "* * * (the shareholder) shall file a petition in the common pleas court of the county in which the principal office of the corporation is located * * *"

Service of summons upon the Secretary of the original Kelley Island Company in an office in Cuyahoga County, even though said office be set up to carry on the business of said corporation, in our opinion, does not meet the requirement of the law and is without effect and void as regards the cause of action set forth in the petition herein.

We find no merit to plaintiff's claim that the original Kelley Island Company is estopped from denying that it was properly sued on the ground that it had created a state of confusion in making it possible for two corporations to carry the name Kelley Island Company.

We consequently unanimously hold that the trial court was not in

348

error in granting the motion to quash, in dismissing the petition and in entering judgment for the defendant and that, accordingly, the judgment of the Common Pleas Court should be and the same is herewith affirmed.

Judgment affirmed. Exceptions. Order see journal.

SKEEL and HURD, JJ, concur.